# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

October 7, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**KANAWHA VALLEY OPERATIONS,**
**Employer Below, Petitioner**

**vs.)    No. 13-0663** (BOR Appeal No. 2048388)
                      (Claim No. 2012034925)

**JEFFREY MILLER,**
**Claimant Below, Respondent**


## MEMORANDUM DECISION

Petitioner Kanawha Valley Operations, by Charles R. Bailey and Dawn E. George, its attorneys, appeals the decision of the West Virginia Workers' Compensation Board of Review. Jeffrey Miller, by William B. Gerwig III, his attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated May 29, 2013, in which the Board affirmed an April 12, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's April 17, 2012, decision granting Mr. Miller a 3% permanent partial disability award for his left shoulder injury. The Office of Judges granted Mr. Miller an additional 4% award for a total of a 7% permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Miller worked as a crew leader for Kanawha Valley Operations. On November 18, 2011, he injured his left knee and left shoulder when he jumped out of the way of a moving vehicle. The claims administrator held his injury compensable, and on April 17, 2012, it granted Mr. Miller a 3% permanent partial disability award for his left shoulder injury. The claims administrator based its decision on an independent medical evaluation of Paul Bachwitt, M.D. Following this decision, Bruce A. Guberman, M.D., evaluated Mr. Miller. He diagnosed Mr.

1

Miller with chronic post-traumatic strain of the left shoulder which had persistent range of motion abnormalities and weakness. Dr. Guberman determined that Mr. Miller had 7% whole person impairment related to his left shoulder under the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993). Dr. Guberman found that Mr. Miller's range of motion deficits had increased since Dr. Bachwitt's evaluation. On April 12, 2013, the Office of Judges reversed the claims administrator's decision. The Board of Review affirmed the Order of the Office of Judges on May 29, 2013, leading Kanawha Valley Operations to appeal.

The Office of Judges concluded that Mr. Miller was entitled to an additional 4% permanent partial disability award for his left shoulder above the 3% award granted by the claims administrator. The Office of Judges determined that Mr. Miller had 7% whole person impairment for his left shoulder due to the November 18, 2011, injury. It based this determination on the independent medical evaluation of Dr. Guberman, which it found was the only evidence submitted into the record. The Office of Judges found that the evaluation of Dr. Bachwitt, which was referenced in the claims administrator's decision, was not submitted into the record and therefore, was not considered in reaching its conclusion.

The Board of Review adopted the findings of the Office of Judges and affirmed its Order. The Board of Review also denied Kanawha Valley Operations' motion to remand the claim for consideration of Dr. Bachwitt's evaluation. The Board of Review concluded that Kanawha Valley Operations did not show good cause for remanding the claim. It determined that the Office of Judges gave Kanawha Valley Operations ten months to submit evidence into the record but instead, it did not participate in the litigation.

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. The only evidence of Mr. Miller's permanent disability which was submitted into the record is Dr. Guberman's evaluation. Dr. Guberman evaluated Mr. Miller under the American Medical Association's *Guides* and his report is sufficiently reliable. The Office of Judges was justified in basing its conclusion on Dr. Guberman's opinion. There is no evidence in the record undermining the credibility of Dr. Guberman's report. The Board of Review was also justified in denying Kanawha Valley Operations' motion to remand the case for additional evidence.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: October 7, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II